■ DONNA L. RICHARDS et al., Plaintiffs, v HERBERT OAKES, Defendant. TODD RICHARDS, an Infant, by DONNA L. RICHARDS, His Mother and Natural Guardian, et al., Plaintiffs, v FORT COVINGTON HOTEL, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. DUNDEE LINE HOTEL, INC., Third-Party Defendant-Appellant. (Action No. 1.) TODD RICHARDS, an Infant, by DONNA L. RICHARDS, His Mother and Natural Guardian, et al., Respondents, v DUNDEE LINE HOTEL, INC., Appellant. (Action No. 2.) — Appeal, in Action No. 1, from an order of the Supreme Court at Special Term, entered January 15, 1980 in Franklin County, which denied a cross motion to dismiss a third-party

complaint against the Dundee Line Hotel, Inc. Appeal, in Action No. 2, from an order of the Supreme Court at Special Term, entered February 27, 1980 in Franklin County, which denied defendant's motion to dismiss plaintiffs' complaint. In both actions, damages are sought for personal injuries based on an alleged violation of section 11-101 of the General Obligations Law, the Dram Shop Act. Impleaded as a third-party defendant in the first action, the Dundee Line Hotel, Inc., was sued directly by plaintiffs in the second action. In each case it maintained that, as a Canadian corporation licensed to sell alcoholic beverages by the Province of Quebec, it was not subject to personal jurisdiction in New York. However, its respective motions for dismissal on that ground were denied and these appeals ensued. While the parties have centered their arguments on CPLR 302, the submissions on the motions plainly reveal that the Dundee Line Hotel, Inc., is doing business in New York under CPLR 301. Affidavits from a corporate officer disclose that the structure in which it conducts business is located on the international boundary between the United States and Canada. Some 80% of the building is in the Province of Quebec and the remainder is situated in the State of New York. Since there is no indication that the portion of the building lying in this jurisdiction has no commercial utility, it necessarily follows that this foreign corporation is conducting business in New York in the traditional sense. It has a fixed and continuous attachment here which mandates a finding of presence (cf. *Frummer v Hilton Hotels Int.,* 19 NY2d 533). We express no view on the applicability of the Dram Shop Act (see *Manfredonia v American Airlines,* 68 AD2d 131), but we have no difficulty in concluding that the Dundee Line Hotel, Inc., is fully amenable to legal action in New York. Orders affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.